# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ALAN PETERSON, a/k/a
JEAN-PIERRE RONET,

    Petitioner,

v.                                    CASE NO. 8:05-CV-987-T-27MSS

SECRETARY, DEP'T OF CORRECTIONS,

    Respondent.
_____/

## ORDER

This matter comes before the Court for consideration of Petitioner's Emergency Petition for Immediate Injunction (Dkt. 6). Petitioner, a former inmate in the Florida penal system proceeding *pro se*,[1] initiated this cause of action by filing an Emergency Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court, Northern District of Florida, Panama City Division. Because Petitioner's 1990 conviction for engaging in lewd and lascivious conduct with a child under the age of 16 was entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida, the case was

---

[1] Petitioner is cautioned that although he is appearing *pro se*, he is required to comply with the Local Rules of the Middle District of Florida, the Federal Rules of Civil Procedure, and the Rules Governing Section 2254 Cases. His failure to do so could result in sanctions, including dismissal of his claims. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office. Because the Court cannot pay the mailing costs, you must also provide a self-addressed envelope with $3.95 postage affixed thereto. For your information, the Local Rules measure 8 1/2" x 11" x 1/2". A copy of the Local Rules may be found in the Prison Law Library. They may also be found in Florida Rules of Court available from West Group, 620 Opperman Drive, St. Paul, Minnesota 55164. This book may also be available in the Prison Law Library.

transferred to this Court (Dkt. 1). The Court has reviewed the motion and finds that there is no basis for this to be treated as an "emergency" petition.

Petitioner is cautioned that "[t]he unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions." See Local Rule 3.01(e) (M.D. Fla.). A district court has authority to impose sanctions to promote judicial economy and efficiency and protect itself from abuse of the judicial process. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991); *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986). As noted by the United States Supreme Court, "[e]very paper filed with [a court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the [c]ourt's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald,* 489 U.S. 180, 184 (1989). Petitioner should conduct himself accordingly. *See Spencer v. Florida Dep't of Corr.*, 823 So.2d 752 (Fla. 2002).

Petitioner was released from custody by the Florida Department of Corrections (hereinafter "FDOC") on June 1, 1997, subject to certain terms and conditions under the Conditional Release Program Act[2] (hereinafter "CRPA") (Dkt. 6 at 3). Petitioner was found guilty of violating the terms and conditions of his early release on November 18, 2004, and reincarcerated in an FDOC facility (Dkt. 6, Ex. 15). Petitioner was again released from custody by the FDOC on June 12, 2005, pursuant to the CRPA. *Id.* ¶ 1. In the instant

---

[2]Beginning in 1983, the Florida Legislature enacted a series of statutes authorizing the FDOC to award early release credits to prison inmates when the population of the state prison system exceeded predetermined levels. The Conditional Release Program Act, codified at Fla. Stat. 947.1405, was enacted in 1988 and became effective on October 1, 1989. One in a series of mechanisms devised to relieve prison overcrowding, conditional release is administered by the FDOC and the Florida Parole Commission. *Id.*

motion, Petitioner requests that the Court enter an injunction prohibiting enforcement of the terms and conditions of his release.

Having carefully reviewed Petitioner's petition, the motion for injunctive relief, and the papers submitted by him in support thereof, the Court finds that Petitioner has failed to comply with the strictures of Fed. R. Civ. P. 65(a) and Local Rule 4.06(a).

ACCORDINGLY, the Court **ORDERS** that the Emergency Petition for Immediate Injunction is **DENIED** (Dkt. 6).

**ORDERED** in Tampa, Florida, on June 27th, 2005.

JAMES D. WHITTEMORE
United States District Judge

Copies furnished to:

*Pro se* Petitioner

Office of the Attorney General
The Capitol
PL-01
Tallahassee, Florida 32399-1050

SA:jsh

-3-